■ The People of the State of New York, Respondent, v. Aeriel Pagan, Appellant.— Same decision and like cause of action as in *People* v. *Brown* (26 A D 2d 614), decided herewith.

■ The People of the State of New York, Respondent, v. Howard Queen, Appellant.— Same decision and like cause of action as in *People* v. *Brown* (26 A D 2d 614), decided herewith.

■ The People of the State of New York, Respondent, v. Stanley Robinson, Appellant.— Same decision and like cause of action as in *People* v. *Brown* (26 A D 2d 614), decided herewith.

■ The People of the State of New York, Respondent, v. Clarence Shaw, Appellant.— Same decision and like cause of action as in *People* v. *Brown* (26 A D 2d 614), decided herewith.

■ The People of the State of New York, Respondent, v. Goldstein Small, Appellant.— Same decision and like cause of action as in *People* v. *Brown* (26 A D 2d 614), decided herewith.

■ The People of the State of New York, Respondent, v. Willie Walker, Appellant.— Same decision and like cause of action as in *People* v. *Brown* (26 A D 2d 614), decided herewith.

■ The People of the State of New York, Respondent, v. Benjamin Whitaker, Appellant.— Same decision and like cause of action as in *People* v. *Brown* (26 A D 2d 614), decided herewith.

■ The People of the State of New York, Respondent, v. Robert James X. Williams, Appellant.— Same decision and like cause of action as in *People* v. *Brown* (26 A D 2d 614), decided herewith.

■ The People of the State of New York, Respondent, v. Eugene McGroder, Appellant, et al., Defendant.— Judgment unanimously reversed on the law, order denying motion to suppress certain evidence reversed, motion granted, and new trial granted. Memorandum: Appellants have been convicted following trial of burglary, third degree and grand larceny, second degree. Shortly after 5 o'clock in the morning of March 9, 1964 police officers discovered that a pharmacy in the Town of Cheektowaga had been burglarized. Two safes therein had been broken open and money taken therefrom. There was an accumulation of dust and debris around the safes. No direct proof was submitted that appellants had committed the crimes. The evidence was largely circumstantial and consisted principally of expert testimony that certain material (cement, sand, quartz and ashes) shaken from appellants' clothes and examined miscroscopically was similar to that used for insulating material in safes such as those entered. The articles of clothing had been taken from appellants following their arrest. A pretrial motion to suppress use as evidence of the clothing on the ground its seizure was unlawful was denied. This contention was in turn based upon the assertion that the arrest of defendants was unlawful. The

proof is that two police officers, who had visited the scene of the burglary, shortly before 6 o'clock of the morning in question observed a black Cadillac proceeding at a lawful rate of speed towards Buffalo. They were informed in reply to a message radioed to police headquarters that the license on the vehicle had been issued to appellant Gatti, a known criminal. After sending radio messages to other police cars for assistance the officers stopped the car driven by Gatti and in which appellant McGroder, who was not a known criminal, was a passenger. The two officers approached either side of the car — one officer with a drawn revolver. While the officers testified that appellants were "asked" to leave the car the record clearly establishes that regardless of the words used appellants were compelled to leave the car, move to the rear thereof and place their hands on the rear of the car where they were "frisked." The prosecution contends that the pair was not arrested until after one of the officers observed mud and dust on their clothing. We conclude upon all the proof that the motion to suppress the clothing as evidence should have been granted. This conclusion is based upon findings (1) that appellants were placed under arrest when they were ordered to leave the car at gunpoint and (2) at that time the officers had no reasonable cause for believing defendants had committed the burglary or any other crime. (Code Crim. Pro., § 177.) Such belief must rest on grounds that would induce an ordinarily prudent person, under the circumstances, to believe in good faith that the person arrested was guilty of a felony. (*People* v. *Coffey*, 12 N Y 2d 443, 451.) Here, as defendants sat in the vehicle, the only ground the officers had for making the arrest was that Gatti was a known criminal. There is no proof they knew McGroder or anything derogatory about him. Knowledge of the officers that Gatti had a previous record was admissible and relevant on the issue of probable cause but to hold that such fact standing alone constituted probable cause "would be to hold that anyone with a previous criminal record could be arrested at will." (*Beck* v. *Ohio*, 379 U. S. 89, 97.) (Appeal from judgment of Erie County Court convicting defendant of burglary, third degree, and grand larceny, second degree.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.